UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SAFE AUTO INSURANCE COMPANY )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>TANEJA N. SPRUILL, et al. )<br>)<br>        Defendants. )<br>_____ ) | Case No. 1:19-cv-01618 (AJT/IDD) |

**REPORT AND RECOMMENDATION**

These matters are before the Court on Plaintiff Safe Auto Insurance Company ("Safe Auto" or "Plaintiff") Motions for Default Judgment ("Motions") pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. Nos. 22, 36. After Defendants, Taneja N. Spruill ("Spruill"), Renee Bass ("Bass"), and Treshawn Robb ("Robb"), (collectively, "Defendants") or a licensed attorney for Defendants failed to file responsive pleadings, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motions for Default Judgment, the supporting affidavits and documentation thereto, and relevant portions of the underlying record, the undersigned Magistrate Judge recommends that the Motions be **GRANTED** and that default judgment be entered against Defendants.

    **I.**    **INTRODUCTION**

On December 26, 2019, Plaintiff filed a Complaint against Defendants seeking a declaration that it does not owe insurance coverage for an accident which occurred on January 15, 2018, when a vehicle owned by Defendant Spruill and being driven by Defendant Robb, struck and injured Defendant Bass. Compl., Dkt. No. 1. Prior to the filing

1

of the instant Complaint with the Court, Defendant Bass filed a lawsuit in the Circuit Court for the City of Richmond against Defendant Robb for injuries and damages sustained in the accident. Compl., Ex. J., Dkt. No. 1-10. Plaintiff hired defense counsel to appear on behalf of and defend, Defendant Robb during the pendency of its coverage investigation. Compl. ¶ 16. Plaintiff states that it effectively rescinded its policy of automobile insurance issued to Defendant Spruill as of November 5, 2017, and the policy was not in effect at the time of the accident. Mem. in Supp. of Default J. at 1, Dkt. No. 23. Thus, Plaintiff seeks a declaration from the Court that it does not owe insurance coverage for the accident between Defendants and that it does not owe Defendant Robb a duty to defend. *Id*. The Clerk of this Court entered default against Defendants Spruill and Bass on February 28, 2020, and against Defendant Robb on May 8, 2020. Dkt. Nos. 16, 35. After the Motions for Default Judgment were referred by the District Judge, as to Defendant Robb on May 13, 2020, and Defendants Spruill and Bass on March 4, 2020, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a) because diversity of citizenship exists between the Plaintiff and Defendants and the amount in controversy exceeds $75,000. Here, Plaintiff is an insurance company with its principal place of business in Ohio and all Defendants are residents of Virginia. Compl. ¶¶ 1-4. Defendant Bass filed a lawsuit against Defendant Robb for an accident that occurred on January 15, 2018 (hereafter "the Underlying Action"). *Id*. ¶ 15. The Underlying Action alleges that Defendant Robb caused a collision with Defendant Bass and seeks $847,627.00 in damages, thus satisfying the amount of controversy requirement. Compl. ¶ 15. *See Brave*

*Ventures, LLC v. Ambrester*, 854 F. Supp. 2d 356, 358 (E.D. Va. 2012) (stating that the jurisdictional amount in controversy was satisfied in a declaratory judgment action since the defendant's underlying tort claim sought $750,000 in damages). Because the parties are diverse and the amount in controversy exceeds $75,000, the Court has valid subject matter jurisdiction over this matter. This Court has personal jurisdiction over this matter because all Defendants are residents of Virginia. Compl. ¶¶ 2-4.

In actions based on diverse citizenship, venue is a privilege afforded to a defendant that must be asserted before the expiration of the period allotted for entering a general appearance and challenging the merits. *Prudential Ins. Co. of America v. McKee*, 81 F.2d 508, 510 (4th Cir. 1936). This Court has held that a defendant properly served with process by a court having subject matter jurisdiction, waives venue by failing to seasonably assert it or by making default. *See Fed. Nat'l Mortg. Ass'n v. Epicurean Foods LLC*, No. 1:16-CV-0350, 2017 WL 3259294, at *2 (E.D. Va. Mar. 29, 2017) (citing *Hoffman v. Blaski*, 363 U.S. 335 (1960)); *see also Douglas v. Sentel Corp.*, No. 1:18-CV-1534, 2020 WL 2576183, at *3 (E.D. Va. May 20, 2020) ("[D]efendant ISS has waived all venue objections because defendant ISS was served with process [and] is in default.") (citation omitted). Defendants have waived all venue objections because Defendants were properly served as discussed below, have failed to assert venue objections, and are in default. Accordingly, the undersigned finds that the requirements of subject matter jurisdiction, personal jurisdiction, and venue are satisfied in this case.

### B.  Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. While § 1132(e) states where a defendant may be

3

served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(e)(2), individuals are properly served by delivering to the person a copy of the summons and the complaint or by leaving a copy of the summons and complaint at the individual's usual abode with someone of suitable age and discretion who resides there. FED. R. CIV. P. 4(e)(2)(B).

On December 30, 2019, a private process server served Duwayne Bass, the husband of Defendant Bass, with a true and correct copy of the Summons, exhibits, and documents related thereto. Dkt. No. 10. On January 9, 2020, a private process server served a true and correct copy of the Summons, exhibits, and documents related thereto to Defendant Spruill's usual abode with someone of suitable age and discretion who resides there. Dkt. No. 9. Therefore, Plaintiff properly served Defendants Bass and Spruill pursuant to Rule 4(e)(2).

Va. Code Ann. § 8.01-296 provides that service can be effected by order of publication, under the provisions of § 8.01-316 through § 8.01-320. Va. Code Ann. § 8.01-296(3). On March 23, 2020, an Order was entered granting Plaintiff's Motion for Service by Publication as to Defendant Robb. Dkt. No. 31. The undersigned required that a copy of the Order be published in the *Richmond Times* once a week for four consecutive weeks after the entry of the Order, and an affidavit shall be filed on Plaintiff's behalf, no later than the 10 days after the last publication. *Id*. An Affidavit was entered certifying publication in the *Richmond Times* on April 30, 2020. Dkt. No. 33. Therefore, Plaintiff properly served Defendant Robb.

### C. Grounds for Entry of Default

Plaintiff filed a Complaint against Defendants on December 26, 2019. Compl., Dkt. No. 1. Defendants failed to answer or file any responsive pleadings in this matter. On February 27, 2020, and May 7, 2020, Plaintiff filed Requests for Entry of Default with the Clerk of Court. Dkt. Nos. 14, 34. On February 28, 2020, the Clerk of this Court entered default against Defendants Spruill and Bass. Dkt. No. 16. On May 8, 2020, the Clerk of this Court entered default against Defendant Robb. Dkt. No. 35. After the Motions for Default Judgment were referred by the District Judge, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### II. <u>FINDINGS OF FACT</u>

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motions for Default Judgment, and the memoranda and affidavits in support thereof. Plaintiff is an insurance company with its principal place of business in Ohio. Compl. ¶ 1. All Defendants are residents of Virginia. *Id.* ¶ 2-4. On October 7, 2017, Defendant Spruill applied for automobile insurance for a 2011 Nissan Sentra 2.0 to Safe Auto. *Id*. ¶ 7. Safe Auto Insurance Company Privacy Policy No.: VA00044871A-00 was issued and an invoice for the premium was sent to Defendant Spruill. Compl., Ex. D., Dkt. No. 1-4. Plaintiff issued a Notice of Cancellation to Defendant Spruill for nonpayment of the premium on October 19, 2017. Compl., Ex. F, Dkt. No. 1-6. On November 1, 2017, Plaintiff issued a Notice of Rescission to Defendant Spruill and sent follow up letters on November 2, 2017, and December 2, 2017, regarding a balance of twenty dollars that was due on the rescinded policy. Spiers Aff., Dkt. No. 23-1 ¶ 5. Defendant Spruill never

responded to Safe Auto's notices and letters, and never made any further payment on the policy. *Id*. ¶ 6.

On January 15, 2018, Defendant Robb was involved in an accident with Defendant Bass while he was driving Defendant Spruill's vehicle. Compl. ¶ 14. Defendant Bass filed a lawsuit in the Circuit Court for the City of Richmond against Defendant Robb for injuries and damages sustained in the accident. Compl., Ex. J., Dkt. No. 1-10. Plaintiff hired defense counsel to appear on behalf of and defend Defendant Robb during the pendency of its coverage investigation. Compl. ¶ 16. Safe Auto states that it effectively rescinded its policy of automobile insurance issued to Defendant Spruill as of November 5, 2017, and the policy was not in effect at the time of the accident. Dkt. No. 23.[1]

### III.   EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan* ); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to

---

[1] The Complaint states that the policy was issued to Defendant Spruill on November 7, 2017, however, the Memorandum in Support of Motion for Default Judgment states that the policy was issued on November 5, 2017. Compl. ¶ 17., Dkt. No. 23 at 3. Because the Memorandum in Support of Motion for Default Judgment is the more recent document, the November 5, 2017 date is used in this Report and Recommendation.

recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186,193 (4th Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1950).

### A.  Breach of Contract

This Court has jurisdiction solely on the basis of diversity of citizenship and must apply the choice of law rules of the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 623-24 (4th Cir. 1999). For choice of law purposes, "Virginia insurance law applies the law of the place where the insurance contract is written and delivered." *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) (quoting *Buchanan v. Doe*, 246 Va. 67, 70–71 (1993)) (internal quotation marks omitted). Because Plaintiff issued and delivered the policies in Virginia to Virginia residents, Virginia law applies.

Plaintiff seeks a declaration that the insurance policy does not afford coverage for the Underlying Action. Compl. at 4. Plaintiff alleges that Defendant Spruill failed to pay the premium for the automobile insurance policy and that this policy was properly rescinded and not in force at the time of the car accident with Defendant Bass. *Id*. ¶¶ 24-25. Under Virginia law, a plaintiff properly pleads a breach of contract claim where he alleges that the defendant (1) had a legally enforceable obligation, (2) materially breached that obligation, and (3) such breach caused the plaintiff damage. *Filak v. George*, 267 Va. 612, 619 (2004).

First, because Defendant Spruill agreed to pay a premium of $370.00 to Plaintiff as compensation for the issuance of insurance policies, it owed a legal duty to Plaintiff to pay the amount due after each policy period. Compl. ¶ 8. Plaintiff has therefore shown the first element of a claim for breach of contract under Virginia law. Second, accepting as true the allegations in Plaintiff's Complaint, Defendant Spruill received a Notice of Rescission for the insurance policy along with follow-up letters regarding a balance of twenty dollars on the account but never responded to Plaintiff's letters and notices and did not make any further payments on the insurance policy, demonstrating the second element of a claim for breach of contract. *Id*. ¶¶ 8–13; Spiers Aff., Dkt. No. 23-1. Third, as a result of Defendant Spruill's breach, Plaintiff has suffered damages in the amount of the unpaid premium for $370.00 plus the $20.00 due for the rescinded policy. *Id*. ¶¶ 8-13.

In a declaratory relief action requesting judicial determination of an insurer's duties under an insurance contract, the primary issue presented in the pleadings is the dispute over an insurer's duty to defend and indemnify. *Nationwide Mut. Ins. Co. v. 1400 Hampton Blvd., LLC*, No. 2:10CV310, 2010 WL 5476748, at *2 (E.D. Va. Dec. 2, 2010) (citing

*Marsh v. Cincinnati Ins. Co.,* No. 4:08–cv–2441, 2008 WL 4614289, at *2 (D.S.C. Oct. 15, 2008)). An insurer has a duty to defend the insured in court when the insured's claim is covered under an insurance policy. Here, the facts clearly show that the Underlying Action is not covered by the insurance policy because Plaintiff effectively rescinded the policy before the accident occurred and therefore does not have a duty to defend and is without liability for the Underlying Action.

### B.  Requested Relief

Plaintiff requests that the Court enter a declaratory judgment against Defendants Robb, Bass, and Spruill declaring that the Safe Auto policy does not afford coverage for the claim or Underlying Action; that Safe Auto has no duty to continue to provide a defense to Defendant Robb with respect to the underlying claims set forth in the Underlying Action; and that Safe Auto has no obligation to honor any other claim under the rescinded policy after November 5, 2017. Mems. in Supp. of Mot. for Default J., Dkt. No. 23 at 3, Dkt. No. 37 at 3. Further, Plaintiff requests awarding Safe Auto such further relief as the Court may deem just and proper. *Id*. Based on the facts stated in the Complaint and Memoranda in Support of Motion for Default Judgment, the undersigned recommends entering a declaratory judgment pursuant to Plaintiff's request above.

### IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that default judgment be entered in favor of Plaintiff against Defendants Robb, Bass, and Spruill, and that a declaratory judgment be issued declaring: (1) that the Safe Auto policy does not afford coverage for the claim or Underlying Action; (2) that Safe Auto has no duty to continue to provide a defense to Defendant Robb with respect to the claims set forth

in the Underlying Action; and (3) that Safe Auto has no obligation to honor any other claim under the rescinded policy after November 5, 2017.

## V. NOTICE

**By mailing copies of this report and recommendation, the parties are notified as follows. Objections to this report and recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and Defendants at the following addresses:

Taneja N. Spruill
3960 Pinalto Dr.
Richmond, VA 23222

Treshawn Robb
108 E. 36th St.
Richmond, VA 23224

Renee Bass
2904 Bamberg Pl.
Virginia Beach, VA 23453

/s/ Ivan D. Davis

Ivan D. Davis
United States Magistrate Judge

September 4, 2020
Alexandria, Virginia